## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No. 2:16-CV-172-JES-CM

PEDRO SOLTURA,

      Plaintiff

vs.

THE BANK OF NEW YORK MELLON
f/k/a BANK OF NEW YORK AS TRUSTEE
FOR CWABS 2005-IM1and NEW PENN
FINANCIAL, LLC d/b/a SHELLPOINT
MORTGAGE SERVICING,

      Defendant(s).

_____/

### <u>AMENDED COMPLAINT</u>

COMES NOW, the Plaintiff, PEDRO SOLTURA, and sues THE BANK OF NEW YORK MELLON f/k/a BANK OF NEW YORK AS TRUSTEE FOR CWABS 2005-IM1 (hereinafter, "BONY") and NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING (hereinafter "SHELLPOINT") and as grounds thereof states that:

1.  This is an action for damages brought by Plaintiff, PEDRO SOLTURA, by and through his undersigned counsel, against Defendant, BONY, for it's violations of the Truth in Lending Act (hereinafter, "TILA"), 15 U.S.C. § 1601 *et seq*. and against Defendant, SHELLPOINT for its repeated violations of the Real Estate Settlement Procedures Act (hereinafter, "RESPA"), 12 U.S.C. § 2605 *et seq*.

2.  Specifically, Plaintiff seeks the remedies as provided in TILA 15 U.S.C. § 1640(a) and RESPA 12 U.S.C. §§ 2605(f), 2614 due to Defendant, BONY's failure, by and through its agent, SHELLPOINT, to timely provide an accurate pay-off statement as required by 15 U.S.C. §

1639g; Reg. Z, 12 C.F.R. § 1026.36(c)(3); to timely provide the name, address, and telephone number of the owner and/or master servicer of the subject Mortgage Loan, as mandated by 15 U.S.C. § 1641(f)(2); 12 U.S.C. § 2605(k)(1)(D); Reg. X, 12 C.F.R. § 1024.36(d) and to timely provide Plaintiff with the subject Mortgage Loan's new owner/assignee disclosures as required by 15 U.S.C. § 1641(g). Additionally, Plaintiff seeks the remedies as provided in RESPA for Defendant, SHELLPOINT's repeated failures to comply with 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1026.35, 1024.36 by not properly responding to Plaintiff's qualified written request.

## JURISDICTION and VENUE

3. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 157(b)(2) of Title 28 of the United States Code.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

6. At all times material hereto, Plaintiff, PEDRO SOLTURA was and is an individual consumer and borrower of the subject Mortgage Loan. Plaintiff, PEDRO SOLTURA was, and still is a resident of Collier County, Florida and owns the subject property located at: 1109 Wisteria Lane, Naples, Florida 34105, which is Plaintiff's primary residence and principle dwelling.

7. At all times material hereto, Defendant, BONY, claims to be the owner/assignee of the subject Mortgage Loan/Note associated with Plaintiff's primary residence mentioned above. Defendant BONY, was and is a banking institution supervised by the Consumer Financial

Protection Bureau ("CFPB"), an agency of the U.S. Government, created pursuant to the 2010 Dodd/Frank Wall Street Reform and Consumer Protection Act. (Dodd-Frank Act).   Upon information and belief, Defendant BONY, is a National Bank chartered by the Office of Comptroller of the United States and is authorized to conduct business in the State of Florida.

8.   At all times material hereto, Defendant, BONY, was and is a creditor as that term is defined in 15 U.S.C. § 1602.

9.   At all times material hereto, Defendant, BONY was and is an assignee pursuant to 15 U.S.C. § 1641.  The assignment to BONY was voluntary.

10.   At some point prior to the violations alleged herein, Defendant BONY employed Defendant SHELLPOINT to service the subject Mortgage Loan.

11.   At all times material hereto, Defendant SHELLPOINT, is and was a loan servicer as that term is defined in 12 U.S.C.  § 2605(i)(2).  Moreover, Defendant, SHELLPOINT services the loan obligation allegedly owned by BONY and secured by a mortgage upon Plaintiff's primary residence and principal dwelling described above.

12.   The subject property is Plaintiff's primary residence and is a residential structure containing one (1) to four (4) family housing unit.

13.   The subject Mortgage Loan in question is a "federally related mortgage loan" as defined in 12 U.S.C.  § 2602.

14.   The Promissory Note signed by PEDRO SOLTURA in connection with the subject Mortgage is a consumer credit transaction within the meaning of, and subject to, TILA.

## BACKGROUND AND GENERAL ALLEGATIONS

15. On May 18, 2005, Plaintiff, PEDRO SOLTURA executed and delivered a mortgage Note naming a non-party to this Complaint, IMPAC FUNDING CORPORATION dba IMPAC LENDING GROUP, A CALIFORNIA CORPORATION (hereinafter "IMPAC") as the "lender" or "Note Holder" in regard to the subject Mortgage Loan.  A copy of the subject Mortgage Loan ("Note") is attached hereto as *Exhibit A"*.  Plaintiff made the Mortgage and promissory Note for the purpose of acquiring a dwelling at 1109 Wisteria Lane, Naples, Florida 34105 (hereinafter the subject "Property"); said promissory Note is referred to in this Complaint as the "Mortgage Loan."

16. In connection with the May 18, 2005 consumer loan transaction, Plaintiff, PEDRO SOLTURA executed a promissory note (the "Mortgage Loan") in the original principal amount of Two Hundred and One Thousand dollars (U.S. $201,000.00) and payable to the non-party IMPAC.

17. The Mortgage Loan was secured by a Mortgage dated May 18, 2005 and recorded in the Official Public Records of Collier County, Florida in Book 37470, and Page 498-521 (the "Mortgage").  The May 18, 2005 Mortgage named the non-party, IMPAC as Lender.  The subject Mortgage Loan is a consumer credit transaction within the meaning of, and subject to, TILA.  A copy of the Mortgage is attached hereto as *"Exhibit B"*.

18.  On or about October 9, 2014, Defendant SHELLPOINT, as a D/B/A to non-party New Penn Financial, LLC, filed, on behalf of BONY, filed a foreclosure complaint against Plaintiff alleging, among other things that it (New Penn Financial, LLC D/B/A Shellpoint Mortgage Servicing as Successor Servicer to Resurgent Mortgage Servicing, a Division of Resurgent Capital Services, L.P.  (SHELLPOINT), "has the authority to initiate the subject

foreclosure complaint on behalf of the party entitled to enforce the subject Note pursuant to a limited power of attorney".   Notably however, SHELLPOINT did not allege that it was the holder of the "original note", nor did it allege that it or its principle was entitled to enforce the note and mortgage pursuant to "F.S. § 673.3091" as required by F.S. 702.015(2)(a) & (b).   A copy of Defendant SHELLPOINT's foreclosure complaint is attached hereto as *"Exhibit C"*.

19.   On or about August 4, 2015, Plaintiff or Plaintiff's representative sent Defendant, SHELLPOINT an initial qualified written request (QWR) by requesting among other items, copies of certain Truth in Lending Act (TILA) disclosures *(see Exhibit D)*.   Plaintiff's request for the pay-off statement, account history and investor information was for the purpose of disputing the amount and validity of the debt alleged in the underlying foreclosure case.

20.   Defendant, SHELLPOINT received Plaintiff's 1st QWR via certified mail on before August 11, 2015.   Indeed, Plaintiff's 1st QWR included information that enabled SHELLPOINT to identify the name and account number of Plaintiff.   The August 4, 2015 QWR also requested a payment history, a call log, loss mitigation correspondence and other items from Plaintiff's "servicing file" as defined in 12 C.F.R. § 1024.38. *(See Exhibit D)*. To date, Defendant, SHELLPOINT, has failed to provide the relevant documents required by Regulation X, despite a subsequent attempt in April of 2016. Clearly, SHELLPOINT's actions are an intentional disregard for the regulations requiring the servicer to provide the requested documents within the strict timeframes referenced therein.

***The TILA Pay-off
Statement Request 15 U.S.C. 1639g***

21.   Specifically, on August 11, 2015, Defendant, BONY, by and through its agent SHELLPOINT, received Plaintiff's August 4, 2015 first written request for an accurate "pay-off

amount" (15 U.S.C. § 1639g).  A copy of the August 4, 2015 request is attached hereto as *Exhibit D*.

22.  Section §1639g of TILA states:

> *A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower.* 15 U.S.C. §1639g.

23.  Thus, pursuant to 15 U.S.C. §1639g, BONY, by and through its agent SHELLPOINT, was obligated to provide Plaintiff with an accurate payoff balance within seven (7) business days of August 11, 2015, i.e. by August 20, 2015.

24.  As a result of Defendant, BONY, by and through its agent SHELLPOINT's refusal to timely and/or sufficiently respond to Plaintiff's 1st request for an accurate payoff balance, Plaintiff or Plaintiff's representative, on September 3, 2015, sent BONY, by and through its agent SHELLPOINT, a 2nd request for an accurate payoff balance.  Defendant, BONY, by and through its agent SHELLPOINT, received Plaintiff's 2nd request for an accurate payoff balance on or about September 11, 2015.  A copy of the September 3, 2015 2nd request is attached hereto as *Exhibit E*.

25.  However, due to Defendant, BONY, and/or its agent SHELLPOINT's refusal to timely and/or sufficiently respond to Plaintiff's 1st and 2nd request for an accurate payoff balance, Plaintiff or Plaintiff's representative, on October 16, 2015, sent BONY, by and through its agent SHELLPOINT, a 3rd request for an accurate payoff balance.  A copy of the October 16, 2015 3rd request is attached hereto as *Exhibit F*.

26.  On October 5, 2015, albeit untimely and inaccurate, BONY, through its agent, SHELLPOINT finally responded to Plaintiff's 1st, 2nd, and 3rd requests for an accurate pay-off statement.  Defendant, BONY, by and through its agent SHELLPOINT received Plaintiff's first

request for an accurate pay-off statement approximately 50 business days earlier, on August 11, 2015.  A copy of the October 5, 2015 response is attached hereto as *Exhibit G.*

27.  Here, BONY's October 5, 2015 response clearly violates section 15 U.S.C. 1639g in that it failed to provide an accurate pay-off statement within seven business days - as mandated by section 15 U.S.C. 1639g.

**The TILA Owner Identity and**
**Contact Information 15 U.S.C. § 1641(f)**

28.  On August 11, 2015, Defendant, BONY, by and through its agent SHELLPOINT received Plaintiff's August 4, 2015 first written request for information regarding the "owner of the loan" (15 U.S.C. § 1641(f)(2)).  A copy of the August 4, 2015 request is attached hereto as *Exhibit D.*

29.  Section §1641(f) of TILA states:

> *Under written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address **and telephone number** of the owner of the obligation of the master servicer of the obligation.* (emphasis added) 15 U.S.C. §1641(f)(2).

30.  Thus, pursuant to 15 U.S.C. §1641(f), BONY, by and through its agent SHELLPOINT, was obligated to provide Plaintiff, upon his request, with the identity, address, *telephone number* and other contact information regarding the alleged owner of the Mortgage Loan.

31.  As a result of Defendant, BONY, by and through its agent SHELLPOINT's refusal to timely and sufficiently respond to Plaintiff's 1st request for the telephone number of the alleged loan owner, Plaintiff or Plaintiff's representative, on September 3, 2015, sent BONY, by and through its agent SHELLPOINT, a 2nd request for the telephone number of the alleged loan owner.  Defendant, BONY, by and through its agent SHELLPOINT, received Plaintiff's 2nd

request for the telephone number of the alleged owner on or about September 11, 2015.  A copy of the September 3, 2015 2nd request is attached hereto as *Exhibit E.*

32.    As a result of Defendant, BONY, by and through its agent SHELLPOINT's refusal to timely and sufficiently respond to Plaintiff's 1st and 2nd request for the telephone number of the alleged loan owner, Plaintiff or Plaintiff's representative, on October 16, 2015 sent BONY, by and through its agent SHELLPOINT, a 3rd request for the loan owner's telephone number.  Although the owner was identified, the owner's phone number was not provided.  A copy of Plaintiff's October 16, 2015 3rd request is attached hereto as *Exhibit F.*

33.    Despite Plaintiff's third request for the owner telephone number on October 16, 2015, Defendants failed to provide the requisite telephone number.  Certainly, 15 U.S.C. § 1641(f) requires BONY, through its agent, SHELLPOINT, to provide not only the Mortgage Loan owner's identity and address, but its telephone number as well.  A copy of the September 18, 2015, response excluding the telephone number is attached hereto as *Exhibit H.*

34.    Here, SHELLPOINT's September 18, 2015 response violates section 15 U.S.C. 1641(f)(2) in that it fails to provide the alleged owner's <u>telephone number</u>  - as mandated by section 15 U.S.C. 1641(f)(2).

***The TILA New Owner/Assignee Disclosures  15 U.S.C. § 1641(g)***

35.    Specifically, on August 11, 2015, Defendant, BONY, through its agent, SHELLPOINT received Plaintiff's first written request for a copy of the "new owner/assignee" disclosures required by 15 U.S.C. § 1641(g).

36.    On or about September 11, 2015 Defendant, BONY received Plaintiff's second written request for a copy of the "new owner/assignee" disclosures required by 15 U.S.C. § 1641(g).  A copy of Plaintiff's September 3, 2015 request is attached hereto as *Exhibit E.*

37.   Thus, pursuant to 15 U.S.C. §1641(g), BONY (even without a written request from Plaintiff), was required to "notify" Plaintiff "in writing" of certain disclosures, and to do, within 30 days of the alleged transfer.   In particular, § 1641(g)(1) reads as follows:

> *(g) Notice of new creditor*
>
> > *(1) In general*
> > *In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—*
> >
> > *(A) the identity, address, telephone number of the new creditor;*
> > *(B) the date of transfer;*
> > *(C) how to reach an agent or party having authority to act on behalf of the new creditor;*
> > *(D) the location of the place where transfer of ownership of the debt is recorded; and*
> > *(E) any other relevant information regarding the new creditor.*

38.   Here, more than 120 days have passed since BONY, through its agent SHELLPOINT received Plaintiff's first request for an accurate payoff balance, the loan owner information, and the new owner/assignee disclosures.   There is no disputing that as of today's date, BONY has failed to, or refuses to *timely* and/or *sufficiently* provide Plaintiff with an accurate pay-off balance, the current loan owner's telephone number, and the new owner/assignee disclosures.   Thus, Defendants, BONY and SHELLPOINT have collectively deprived Plaintiff, PEDRO SOLTURA of an opportunity to timely and effectively dispute and challenged the default amount alleged in Defendant BONY's foreclosure complaint.

39.   Clearly, Defendants, BONY and SHELLPOINT has established a "pattern and practice" of non-compliance with the Real Estate Settlement Procedures Act and the Truth in Lending Act by repeatedly failing to timely and/or adequately respond to Plaintiff's 1st, 2nd and 3rd TILA related requests and other RESPA qualified written requests.

## COUNT I

**VIOLATION OF THE TRUTH IN LENDING ACT (TILA) 15 U.S.C. 1639g**

*Defendant Failed to Timely Provide Plaintiff with an Accurate Pay-Off Statement as required by TILA; [15 U.S.C. § 1639g]*

40. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this complaint herein.

41. Plaintiff, PEDRO SOLTURA has been unable to *timely* determine the amount he allegedly owes BONY or BONY's servicing agent as a direct and proximate result of BONY's failure or refusal to comply with 15 U.S.C. §1639g of TILA by not timely providing Plaintiff with an accurate pay-off balance of the subject Mortgage Loan.

42. Sometime between August 11, 2015 and October 21, 2015, Defendant, BONY, through its agent SHELLPOINT, received Plaintiff's first, second and third written requests for an accurate pay-off statement in regard to the subject Mortgage Loan.  A copy of each of the request is attached hereto as *Exhibit D, E and F, respectfully.*

43. Pursuant to 15 U.S.C. §1639g and 12 C.F.R. 226.36(c)(1)(iii), Defendant, BONY, through its agent SHELLPOINT was obligated to provide the requested pay-off statement within a reasonable time after receiving the 1st, 2nd and 3rd requests.  Section § 226.36(c)(1)(iii) of TILA's Regulation Z states:

> *(c) Servicing Practices.*
>
> *(1) In connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall -*
>
> *(iii) Fail to provide, within a reasonable time after receiving a request from the consumer or any person acting on behalf of the consumer, an accurate statement of the total outstanding balance that would be required to satisfy the consumer's obligation in full as of a specified date.*

44.   On or about October 9, 2015, Defendant, BONY, through its agent SHELLPOINT drafted a response (albeit untimely) to Plaintiffs 1st and 2nd requests for an accurate pay-off statement.   A copy of same is attached hereto as *Exhibit "G"*.   Clearly however, Defendant, BONY's October 9, 2015 response was untimely and did not provide an accurate pay-off amount regarding the balance of the subject Mortgage Loan.

45.   As such, a complete and accurate pay-off amount was not timely known to Plaintiff because Defendant, BONY, through its agent SHELLPOINT unlawfully refused to timely provide said pay-off statement upon Plaintiff's repeated requests, requests in which BONY, through its agent SHELLPOINT, received approximately on August 11, 2015, September 11, 2015 and again on October 21, 2015.

46.   BONY, by and through its agent, SHELLPOINT has repeatedly failed to or refuses to comply with 15 U.S.C. §1639g and 12 C.F.R. 226.36(c)(1)(iii) of TILA by timely responding to Plaintiff's written request for an accurate Pay-off statement.

47.   BONY's violation of 15 U.S.C. §1639g and 12 C.F.R. 226.36(c)(1)(iii), through and by its agent, SHELLPOINT is apparent on the face of the October 9, 2015 response attached hereto as *Exhibit "G"*.   Moreover, SHELLPOINT, on behalf of BONY failed to use the terms or format required by 15 U.S.C. §1639g and 12 C.F.R. 226.36(c)(1)(iii).   Specifically, BONY, through its agent SHELLPOINT failed to provide the pay-off statement accurately and within a reasonable amount of time – 50 business days compared to 7 business days, is not a reasonable comparison of the timeline.

48.   Upon information and belief, BONY has considerable control over SHELLPOINT by virtue of a Servicing Agreement that governs their relationship with each other.

49. Upon information and belief, the Servicing Agreement mentioned above contains very specific details and guidelines that SHELLPOINT must follow.

50. Upon information and belief, one of the many provisions of the Servicing Agreement mentioned above, is specifically designed to govern how and *when* SHELLPOINT must respond to requests under 15 U.S.C. §1639g and 12 C.F.R. 226.36(c)(1)(iii).

51. Upon information and belief, BONY may terminate SHELLPOINT's employment at any time and as its Servicer, SHELLPOINT is the employee and agent of BONY.

52. Thus, BONY is responsible for SHELLPOINT's repeated failures to properly and timely respond to Plaintiffs' request for an accurate pay-off statement since SHELLPOINT was acting in furtherance and within the scope of its employment for BONY.

53. As a direct and proximate result of the violation of the Truth in Lending Act by SHELLPOINT and BONY, Plaintiff, PEDRO SOLTURA has been damaged.  The actual damages of Plaintiff include but are not limited to mental pain and shock, aggravation, suffering, humiliation and embarrassment.

54. PEDRO SOLTURA has hired J & M Advocacy Group, LLC for legal representation in this action and has agreed to pay a reasonable attorney's fee.

55. Plaintiff, PEDRO SOLTURA is entitled to the following damages for violations of TILA by Defendant, BONY:  *Actual damages sustained by Plaintiff pursuant to 15 U.S.C. 1640(a)(1), statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney fees as determined by the court, pursuant to 15 U.S.C. 1640(a)(3).*

## COUNT II

## VIOLATION OF THE TRUTH IN LENDING ACT (TILA) 15 U.S.C. 1641(f)(2)

*Defendant Failed to Sufficiently Respond to Plaintiff Request for Contact Information regarding the Owner of the subject Mortgage Loan/Note as required by TILA [15 U.S.C. § 1641(f)]*

56. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this complaint herein.

57. Plaintiff, PEDRO SOLTURA is unable to determine adequate and complete contact information to communicate with, and verify which entity actually owns and/or holds the Mortgage Loan which is the subject of this complaint.  Here, Plaintiff has suffered damages as a direct and proximate result of BONY, by and through its agent, SHELLPOINT' repeated failures or refusal to sufficiently comply with 15 U.S.C. §1641(f)(2) of TILA by not timely providing the telephone number of the subject Mortgage Loan's owner/assignee.

58.  Several times between August 11, 2015 and October 21, 2015, BONY's agent and Mortgage Servicer, SHELLPOINT received Plaintiff or Plaintiff agent's 1st, 2nd and 3rd written requests for the telephone number and other contact information regarding the identity of the owner/assignee of Plaintiff's Mortgage Loan.   A copy of the August 11, 2015, September 4, 2015 and October 9, 2015 TILA requests, are attached hereto as *Exhibits D, E and F.*

59.  Section §1641(f)(2) of TILA states:

> *Under written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address* **_and telephone number_** *of the owner of the obligation of the master servicer of the obligation.* (emphasis added) 15 U.S.C. §1641(f)(2).

60.  Thus, pursuant to 15 U.S.C. §1641(f)(2), BONY, through its agent, SHELLPOINT, was obligated to disclose the identity of the owner of the Mortgage Loan, as well as the owner's address *and telephone number* within a reasonable time.

61. However, as of today's date, SHELLPOINT, on behalf of BONY, still has not yet responded to Plaintiff's repeated requests for the complete contact information, including the telephone number of the Mortgage Loan owner.

62. As such, the telephone number of the owner of the subject Mortgage Loan on Plaintiff's primary residence was and still is unknown because SHELLPOINT unlawfully refused to timely provide said contact information upon Plaintiff's repeated request, requests in which SHELLPOINT received approximately on August 11, 2015, September 11, 2015, October 21, 2015 and again in April of 2016.

63. BONY is liable for its agent SHELLPOINT's refusal to comply with 15 U.S.C. 1641(f)(2) of TILA by not timely responding to Plaintiff's repeated request for the telephone number and other contact information of the owner of the obligation.

64. Upon information and belief, BONY has considerable control over SHELLPOINT by virtue of a Servicing Agreement that governs their relationship with each other.

65. Upon information and belief, the Servicing Agreement mentioned above contains very specific details and guidelines that SHELLPOINT must follow.

66. Upon information and belief, one of the many provisions of the Servicing Agreement mentioned above, is specifically designed to govern how SHELLPOINT must respond to requests under 15 U.S.C. 1641(f)(2).

67. Upon information and belief, BONY may terminate SHELLPOINT's employment at any time and as its Servicer, SHELLPOINT is the employee and agent of BONY.

68. Thus, BONY is responsible for SHELLPOINT's failure to properly respond to Plaintiffs' request since SHELLPOINT was acting in furtherance and within the scope of its employment for BONY.

69.   As a direct and proximate result of the violation of the Truth in Lending Act by SHELLPOINT and BONY, the Plaintiffs have been damaged.  The damages of Plaintiff include but are not limited to mental pain and shock, aggravation, suffering, humiliation and embarrassment.

70. PEDRO SOLTURA has hired J & M Advocacy Group for legal representation in this action and has agreed to pay a reasonable attorney's fee.

71. Plaintiff, PEDRO SOLTURA is entitled to the following damages for violations of TILA by Defendant, BONY: *Actual damages sustained by Plaintiff pursuant to 15 U.S.C. 1640(a)(1), statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney fees as determined by the court, pursuant to 15 U.S.C. 1640(a)(3).*

## COUNT III

### VIOLATION OF THE TRUTH IN LENDING ACT (TILA) 15 U.S.C. 1641(g)

*Defendant, BONY, by and through its agent, Defendant SHELLPOINT Failed to Sufficiently Respond to Plaintiff Request for New Creditor/Assignee Disclosures as Mandated by TILA [15 U.S.C. § 1641(g)]*

72. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this complaint herein.

73. Plaintiff, PEDRO SOLTURA is unable to determine if and *when* BONY actually became the alleged owner/assignee of the subject Mortgage Loan and has been harmed as a direct and proximate result of BONY's failure or refusal to comply with 15 U.S.C. §1641(g) of TILA by not providing the mandatory disclosures.

74. Upon information and belief, and at some time between March 29, 2004 and May 19, 2015, a non-party to this complaint, IMPAC FUNDING CORPORATION dba IMPAC

LENDING GROUP, A CALIFORNIA CORPORATION (hereinafter "IMPAC")  assigned, transferred, or otherwise, sold the subject Mortgage Loan to BONY.  A copy of BONY'S servicer's letter dated September 18, 2015 identifying BONY as the purported assignee, transferee, owner and/or holder of the subject Mortgage, is attached hereto as *Exhibit H.*

75.  However, upon information and belief Defendant, BONY and/or its agent, SHELLPOINT has fraudulently concealed the date in which BONY acquired its alleged interest in Plaintiff's Mortgage Loan.  Here, BONY violated section 1641(g) of the TILA by purposely failing to send Plaintiff (within 30 days) any notice or disclosure of when the sale, assignment, or transfer of the subject Mortgage Loan/Note from non-party, IMPAC to BONY occurred.

76.  Upon information and belief Defendant, BONY fraudulently concealed the date it allegedly acquired Plaintiff's Mortgage Loan so that it could prematurely allege standing to file the underlying foreclosure complaint.  A copy of the underlying state foreclosure complaint is attached hereto as *Exhibit C.*

77.  However, such failure to disclose the Mortgage Loan's "acquisition date", among other items, violates TILA § 131(g) [15 U.S.C. § 1641(g)], which creates a private cause of action for actual and statutory damages for certain disclosure violations,

78.  Several times between August 11, 2015 and October 21, 2015, BONY, through its agent, SHELLPOINT received Plaintiff's first, second and third written request for the new assignee/creditor disclosures in regard to the subject Mortgage Loan.  A copy of the August 4, 2015, September 9, and October 6, 2015 TILA requests are attached hereto as *Exhibits D, E, and F*, respectfully.

79.   According to 15 U.S.C. §1641(g)(2), BONY was obligated to disclose, among other things, the new assignee/creditor's acquisition date of the subject Mortgage Loan.   In particular, § 1641(g)(1) reads as follows:

> *(g) Notice of new creditor*
>
> > *(1) In general*
> >
> > In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
> >
> > > *(A) the identity, address, telephone number of the new creditor;*
> > > ***(B) the date of transfer;***
> > > *(C) how to reach an agent or party having authority to act on behalf of the new creditor;*
> > > *(D) the location of the place where transfer of ownership of the debt is recorded; and*
>
> *(E) any other relevant information regarding the new creditor.*

80.   Upon information and belief, BONY has considerable control over SHELLPOINT by virtue of a Servicing Agreement that governs their relationship with each other.

81.   Upon information and belief, the Servicing Agreement mentioned above contains very specific details and guidelines that SHELLPOINT must follow.

82.   Upon information and belief, one of the many provisions of the Servicing Agreement mentioned above, is specifically designed to govern how SHELLPOINT, on behalf of BONY, must respond to requests under 15 U.S.C. 1641(g).

83.   Upon information and belief, BONY may terminate SHELLPOINT's employment at any time and as its Servicer, SHELLPOINT is the employee and agent of BONY.

84.   Thus, BONY is responsible for SHELLPOINT's failure to properly respond to Plaintiffs' request since SHELLPOINT was acting in furtherance and within the scope of its employment for BONY.

85.   As a direct and proximate result of the violation of the Truth in Lending Act by SHELLPOINT and BONY, the Plaintiffs have been damaged.  The damages of Plaintiff include but are not limited to mental pain and shock, aggravation, suffering, humiliation and embarrassment.

86. PEDRO SOLTURA has hired J & M Advocacy Group for legal representation in this action and has agreed to pay a reasonable attorney's fee.

87. Plaintiff, PEDRO SOLTURA is entitled to the following damages for violations of TILA by Defendant, BONY: *Actual damages sustained by Plaintiff pursuant to 15 U.S.C. 1640(a)(1), statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney fees as determined by the court, pursuant to 15 U.S.C. 1640(a)(3).*

## COUNT IV

## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) 12 U.S.C. 2605(e)

*Defendant, SHELLPOINT Failed to Timely and Sufficiently Respond to Plaintiff's Qualified Written Request as required by 12 U.S.C. 2605(e); 12 C.F.R. 1024.36 and 12 C.F.R. 1024.38*

89. The allegations of all preceding paragraphs of this Complaint are hereby re-alleged and incorporated by reference.

90.   On or about August 11, 2015, Defendant, SHELLPOINT received from Plaintiff, PEDRO SOLTURA or his authorized agent, a "qualified written request" as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(B) *(see Exhibit D)*.  The 1st QWR requested, among other items, an accurate pay-off statement, the subject Mortgage Loan owner's contact information, loss mitigation information, and the call logs regarding conversations between Defendant, SHELLPOINT, and Plaintiff.

91.   On October 5, 2015, SHELLPOINT provided an insufficient response to Plaintiff's August 11, 2015 QWR for loss mitigation "call notes/conversation" and correspondence between Plaintiff and SHELLPOINT, and other items from Plaintiff's "servicing file".   Defendant, SHELLPOINT's October 5, 2015 RFI response is attached hereto as *"Exhibit I"*.

92.   Therefore, on September 11, 2015, Defendant, SHELLPOINT received from Plaintiff, or Plaintiff's agent, a 2nd QWR.  A copy of the September 3, 2015 2nd QWR is attached hereto as *"Exhibit E"*.  The 2nd QWR which requested, among other items, an accurate pay-off statement, the subject Mortgage Loan owner's contact information, loss mitigation information, and the call logs regarding conversations between Defendant, SHELLPOINT, and Plaintiff.

93.   On October 5, 2015, SHELLPOINT provided an insufficient response to Plaintiff's September 3, 2015 2nd QWR for loss mitigation "call notes/conversation", correspondence between Plaintiff and SHELLPOINT, and other items from Plaintiff's "servicing file".  A copy of Defendant, SHELLPOINT's October 5, 2015 QWR response is attached hereto as *Exhibit I.*

94.   Because of the insufficiency of SHELLPOINT's October 5, 2015 response, on or around October 21, 2015, Defendant, SHELLPOINT received from Plaintiff, or Plaintiff's agent, a 3rd QWR.  A copy of the October 16, 2015 3rd QWR is attached hereto as *"Exhibit F"*.  The 3rd QWR which requested, among other items, an accurate pay-off statement, the subject Mortgage Loan owner's contact information, loss mitigation information, and the call logs regarding conversations between Defendant, SHELLPOINT, and Plaintiff.

95.   Defendant, SHELLPOINT violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to timely make appropriate corrections or provide important information to the Plaintiff's in response to his QWR, including failing to transmit written notice of such corrections to the Plaintiff no later than 30 days after receipt of the Plaintiff's qualified written request.

96.     Defendant, SHELLPOINT violated RESPA, 12 U.S.C. § 2605(e)(2)(C) by repeatedly failing to timely and sufficiently provide the Plaintiff with the information and documentation requested from his servicing file, or to provide him with an explanation as to why the information sought was unavailable – and to do so within 30 business days after receipt of the Plaintiff's qualified written request.  Here, that did not happen.

97.   Upon information and belief, Defendant, SHELLPOINT violated RESPA, 12 U.S.C. 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by the Plaintiff that were related to her qualified written request.

98.   Here, Defendant SHELLPOINT has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

99.    Defendant's actions are believed to be a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

100.   As a result of Defendant's actions, Defendant is liable to Plaintiffs for actual damages, statutory damages, costs, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff having set forth his claims for relief against the Defendants respectfully prays of the Court as follows:

A.  For an Order of this Court awarding Plaintiff the relief provided by TILA and RESPA as to the violations of TILA and RESPA set forth above, including statutory damages in the amount of $4,000.00 for each TILA violation and $2000.00 for each RESPA including the "dual tracking" provisions of Reg. X; and that the Plaintiff is

granted actual damages if any be proven, reasonable attorney's fees and costs expended in this proceeding.

B.  For an Order awarding actual and compensatory damages, including those for mental anguish, in an amount to be determined at trial;

C.  For an Order awarding punitive or exemplary damages in an amount to be determined at trial;

D.  For an Order declaring that Defendant, Bank of New York violated TILA and that Defendant, Shellpoint violated RESPA and Reg. X and enjoining the Defendants from committing any future violations of those Acts.

E.  For an Order awarding Plaintiff reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to 15 U.S.C. § 1640(a) and 12 U.S.C. 2605(f).

F.  For an Order granting such other or further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

**LAW OFFICES OF LISETTE M. BLANCO, P.A.**
*Co-Counsel for Plaintiff*
6625 Miami Lakes Drive
Miami Lakes, Florida 33014
Phone: (305) 779-5169
Email: blancolawfirm10@gmail.com


/s/ Lisette M. Blanco
LISETTE M. BLANCO, ESQ.
Florida Bar No. 83796

Dated: April 29, 2016

**J & M ADVOCACY GROUP, LLC**
*Co-Counsel for Plaintiff*
Presidential Circle
4000 Hollywood Blvd., Ste. 435 S
Hollywood, Florida 33021
Phone: (954) 962-1166
Facsimile: (954) 962-1779
Email: Jessica@jmadvocacygroup.com


/s/ Jessica L. Kerr
JESSICA L. KERR, ESQ.
Florida Bar No. 92810

## CERTIFICATE OF SERVICE

I certify that on April 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

**J & M Advocacy Group, LLC**
*Attorneys for Plaintiff*
Presidential Circle, Ste. 435 S
4000 Hollywood Blvd.
Hollywood, FL 33021
Telephone: 954-962-1166
Facsimile: 954-962-1779

By: */s/ Jessica L. Kerr*
Jessica L. Kerr, Esq.
Florida Bar No. 347345